# B|C
## BEYERS COSTIN

200 FOURTH ST. SUITE 400   P.O. BOX 878   SANTA ROSA, CA 95402-0878

PHONE 707.547.2000   FAX 707.526.2746   WEB BEYERSCOSTIN.COM

A PROFESSIONAL CORPORATION

March 24, 2006

Judge Joseph C. Spero
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Connally v. Frank's Freeze* , *et al.*, Northern Dist. Cal.
Case No. C05-2239 JCS
BC File No.: 5582

Dear Judge Spero:

I am counsel for Myung Shin Kim and Hye Seo Kim in the *Connally v. Frank's Freeze et al.* litigation pending before Your Honor as case number C05-2239 JSC. A Case Management Conference was initially scheduled for April 7, 2006, but was advanced to April 6, 2006 by a notice from the Court dated March 10, 2006. I write because I have a conflict with the revised CMC date of April 6, 2006 and cannot attend the CMC.

Mr. Holdredge, who represents Matthew Caviglia in this case, has agreed that he or someone from his office will appear specially on my behalf at the April 6, 2006 CMC. Mr. Holdredge and I have the same opinion of the Consent Decree that will soon be presented to Your Honor for signature. I sent a letter to plaintiffs' counsel (and copied it to Mr. Holdredge and Mr. Reid, who is Mr. Caviglia's insurance defense counsel) today that contained my and Mr. Holdredge's revisions to the Consent Decree. A copy of that letter is enclosed with this one, so that Your Honor will know my position with certainty. In short, I believe the Consent Decree is acceptable with only minor revisions that I anticipate will be included with the version submitted to Your Honor.

I telephoned Your Honor's calendar clerk, Karen Hom, today to find out whether Mr. Holdredge's office can specially appear for me. Ms. Hom directed me to write this letter. I would appreciate it if Your Honor would excuse me from attending the April 6, 2006 CMC. If Your Honor deems my attendance necessary, I may be able to attend the CMC telephonically beginning at 2:00 p.m.

G:\5582\Letters\Spero 2006-3-24.doc

Judge Joseph C. Spero
March 24, 2006
Page 2


If Your Honor has any questions, please do not hesitate to contact me.

Very truly yours,

Stephen Perry

SDP/crc
Enclosure

cc:     Client
        John Holdredge (via fax)
        Kelley Reid (via fax)
        Thomas Frankovich (via fax)


IT IS HEREBY ORDERED THAT Mr. Perry may appear telephonically
at the further case management conference on APRIL 6, 2006,
AT 1:30 P.M.  The Court will initiate the phone contact.

Dated: March 28, 2006



# B|C
## BEYERS
## COSTIN

200 FOURTH ST. SUITE 400 P.O. BOX 878 SANTA ROSA, CA 95402-0878

PHONE 707.547.2000 FAX 707.526.2746 WEB BEYERSCOSTIN.COM

A PROFESSIONAL CORPORATION

March 24, 2006

**Via Facsimile And U.S. Mail**
(415) 674-9900

Jennifer L. Steneberg
The Frankovich Group
2806 Van Ness Ave.
San Francisco, CA 94109

      Re:    *Connally v. Frank's Freeze , et al.*, Northern Dist. Cal. Case No. C05-2239 JCS
               BC File No.: 5582

Dear Ms. Steneberg:

On behalf of my clients Mr. and Mrs. Kim, the tenants of the property upon which your clients' complaint is based, I am responding to your letter of March 10, 2006.

I have had several communications with Mr. Holdredge, who represents Mr. Caviglia. We have a few revisions to the draft Consent Decree.

First, in section VII (B), payment shall be made to your clients within 10 days after defendants receive the filed Consent Decree signed by the Court. (Note that there is no section VI in the draft Consent Decree.)

Second, in section V (B), if the remedial work has not been completed within 12 months despite the defendants' good faith efforts, the time for completion should be extended. I would propose six months as the automatic extension of time available upon request of both Mr. Caviglia and my clients, with an option to receive more time beyond six additional months upon a showing of good cause.

Third, the Consent Decree needs to include my clients' agreement that they will not have more than four employees on duty at the Frank's Freeze restaurant at any given time. This could be addressed in a new section (perhaps section VI).

Fourth, the Court needs to determine that the single bathroom conversion referenced in Section V (A)(3) is the "readily achievable" correction under state and federal law.

Mr. Holdredge and I believe that our clients need to enter into a side agreement to firm up some issues regarding responsibility for payment, timeliness of completion, etc. I have prepared

G:\5582\Letters\Steneberg 2006-03-24.doc

Jennifer L. Steneberg
March 24, 2006
Page 2 of 2


a draft agreement and presented it to him for his review. We will finalize that agreement without any need for your involvement.

I look forward to reviewing a revised Consent Decree consistent with the revisions noted in this letter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Stephen Perry

SDP/crc

cc:   John Holdredge, via fax only
      Kelley Reid, via fax only
      Young Shim, via fax only
      Clients